IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **LUCIAN FIELDS, AS PERSONAL REPRESENTATIVE OF THE THE ESTATE OF JUSTIN BRETT FIELDS AND LUCIAN FIELDS, INDIVIDUALLY AND IN HIS OWN RIGHT** | * * * * * * * * * |
| **PLAINTIFFS** | * |
| v. | * * * |
| **DANA CONTAINER, INC. DOING BUSINESS AS DANA RAILCARE** | * * * **CIVIL ACTION NO.:** * **JURY DEMAND** * * * * * |
| **DEFENDANT** | * * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**PARTIES**

1. At all times material hereto the deceased, Justin Fields was domiciled in Cecil County, Maryland and resided at 104 Craigtown Road, Port Deposit, MD 21904.

2. The Plaintiff, Lucian Fields, is the father of the deceased, Justin Fields is domiciled in Cecil County, Maryland and resides at 104 Craigtown Road, Port Deposit, MD 21904.

3. On May 14, 2021, Plaintiff Lucian Fields was issued Letters of Administration by the Register of Wills of Cecil County, Maryland appointing him as Personal Representative of the

Estate of his deceased son, Justin Brett Fields.

4. At all times material hereto Defendant Dana Containers, Inc. doing business as Dana Railcare was and is a Domestic Corporation, duly incorporated and existing under the laws of the State of New Jersey in the United States of America, in the business of providing cleaning and repair services to transportation vehicles, maintaining a principal place of business at 210 Essex Avenue E, Avenel, NJ 07001.

## JURISDICTION

This action is brought by the Plaintiff Lucian Fields as Personal Representative Of The Estate of Justin Brett Fields, and individually and in his own right, for any and all claims arising from the intentional acts of the Defendants resulting in the death of the deceased, Justin Fields, which occurred on May 31, 2019 in the State of Pennsylvania. Jurisdiction is invoked in this matter pursuant to 28 U.S.C., § 1332, on the basis of Diversity of Jurisdiction. All parties are citizens or entities of the United States of America.  As set forth below, Plaintiffs and Defendant are citizens of and/or maintain their principal corporate offices in separate states; and the amount in controversy in this matter, exceeds, exclusive of interests and costs, the sum of $75,000.00.

## FACTS

1. On or about the 31st day of May 2019, the deceased, Justin Fields was cleaning crude oil from a railcar in Pittston, Pennsylvania, and approximately thirty (30) minutes after entering the railcar, the deceased collapsed and was pronounced dead from asphyxiation.

2. Based upon information and belief, on or about May 31, 2019 Defendant Dana Container, Inc. doing business as Dana Rail Care was under contract to clean and remove the crude oil from the railcars located at the Coxton Rail Yard located in Pittston, PA.

3. On the date and place aforesaid, the Defendant employed Justin Fields to clean and remove the crude oil from the confined space of the railcars.

4. On the date and place aforesaid, the Defendant failed to act in a responsible and reasonable way by failing to provide the deceased with a NIOSH-certified respirator, and that the Defendant's willful and intentional act caused the death of the deceased.

5. On the date and place aforesaid, the Defendant failed to act in a responsible and reasonable way by failing to provide the deceased with a full face demand SCBA certified by NIOSH and that the Defendant's willful and intentional act caused the death of the deceased.

6. On the date and place aforesaid, the Defendant failed to act in a responsible and reasonable way by failing to provide the deceased with a medical evaluation for use of the respirator and that the Defendant's willful and intentional act caused the death of the deceased.

7. On the date and place aforesaid, the Defendant failed to act in a responsible and reasonable way by failing to follow proper safety procedures for the deceased to scrape crude oil sludge from the interior of the railcars, including but not limited to failing to purge, flush or ventilate the railcar prior to the deceased entering, and that the Defendant's willful and intentional act caused the death of the deceased.

8. On the date and place aforesaid, the Defendant failed to act in a responsible and reasonable way by failing to conduct appropriate air monitoring and testing of the interior of the railcar prior to the deceased entering, and that the Defendant's willful and intentional act caused the death of the deceased.

9. On the date and place aforesaid, the Defendant failed to act in a responsible and reasonable way by failing to conduct appropriate air monitoring and testing of the interior of the railcar throughout the duration of the deceased entry into the railcar, and that the Defendant's willful

and intentional act caused the death of the deceased.

10. As a direct and proximate result of the willful and intentional conduct of the Defendant the deceased, Justin Fields was caused to sustain severe, serious injuries, which resulted in his death.

11. As a direct and proximate result of the Defendant's intentional and willful conduct resulting in the death of the decedent, the Defendant was criminally charged and plead guilty to a violation of 29 U.S.C. 666.

12. This action has been commenced within two (2) years of the death of the deceased.

## COUNT I-WRONGFUL DEATH

1. The Plaintiff incorporates the paragraphs above herein by reference.

2. The Plaintiff brings this action as the personal representative of the Decedent's Estate.

3. The Plaintiff as the legal father is entitled to recover damages for Wrongful Death.

**WHEREFORE**, The Plaintiffs demand all lawful damages for the wrongful death of Justin Fields for all persons entitled to recover such damages, including damages for medical expenses, expenses of estate administration, the loss of expected pecuniary contributions of the decedent, and the loss of decedent's care, comfort, companionship, society, consortium, guidance, and tutelage.

## COUNT II-SURVIVOR'S ACTION

1. The Plaintiff incorporates the paragraphs above herein by reference.

2. Plaintiff brings this action on behalf of the Estate of Justin Brett Fields, and claims on behalf of the Estate all damages recoverable by law, including but not limited to damages for Decedent's pain and suffering, loss of earnings and loss of future earning capacity.

3. Plaintiff also seeks, and is entitled to recover, punitive damages against the Defendant.

**WHEREFORE,** The Plaintiffs demand an award for damages in the amount within the jurisdictional limits of this Court and in excess of the sum of $75,000.00, such amount to include, but not be limited to, compensatory and punitive damages, prejudgment and post judgment interest, attorneys' fees, expenses, and the costs of the Court.

### JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiffs demands a trial by jury as to all Counts and issues.

### CERTIFICATION

I hereby certify that this matter is not the subject matter of any other suit pending or contemplated, in any other court or arbitration proceeding.

### DESIGNATION OF TRIAL COUNSEL

Plaintiffs Lucian Fields as Personal Representative Of The Estate of Justin Brett Fields and in his own right hereby designates Attorney Schniqua L. Roberts, Esq. and the Law Office Of Schniqua L. Roberts as trial counsel in the above-captioned litigation.

**Dated: May 30, 2021**  _____/s/_____
**Schniqua L. Roberts, Esquire**
**Law Offices of Schniqua L. Roberts**
**137B Alice Ann Street**
**Bel Air, MD 21014**
**(443) 876-2142 (office)**
**(443) 402-0002 (fax)**
**Fed. Bar No.: 27266**
**Counsel For Plaintiff**