IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUCIAN FIELDS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JUSTIN BRETT FIELDS AND INDIVIDUALLY AND IN HIS OWN RIGHT | * | |
| | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil No.: BPG-21-1341 |
| v. | | |
| | * | |
| DANA CONTAINER, INC. d/b/a DANA RAILCARE | | |
| | * | |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4.  (ECF No. 23). Currently pending are defendant's Motion to Dismiss ("Motion to Dismiss") (ECF No. 24), plaintiff's Response to Dana Railcare's Motion to Dismiss ("Opposition") (ECF No. 27), and defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Reply") (ECF No. 32).  No hearing is deemed necessary.  Loc. R. 105.6.  For the reasons discussed herein, defendant's Motion to Dismiss (ECF No. 24) is GRANTED.

## I.    BACKGROUND

On May 31, 2019, Justin Fields ("decedent"), was employed by defendant Dana Container, Inc. ("defendant") to clean and remove crude oil from a railcar in Pittston, Pennsylvania.  (ECF No. 1 at 2-3 ¶¶ 1-3).  Approximately 30 minutes after entering the railcar, decedent collapsed and was pronounced dead from asphyxiation.  (Id. at 2 ¶ 1).

On May 30, 2021, plaintiff Lucian Fields ("plaintiff"), the father of decedent, filed suit against defendant on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Id. at 2). Plaintiff asserts two counts: Count I – Wrongful Death and Count II – Survivor's Action.  (Id. at 4).  Specifically, plaintiff claims that defendant failed to act in a responsible and reasonable way by failing to (1) provide decedent with a "NIOSH-certified respirator"; (2) provide decedent with "a full face demand SCBA certified by NIOSH"; (3) provide decedent with a medical evaluation for use of the respirator; (4) follow proper safety procedures for decedent to scrape crude oil sludge from the interior of the railcars; and (5) conduct appropriate air monitoring and testing of the interior of the railcar prior to and throughout the duration of decedent's entry into the railcar.  (Id. at 3-4 ¶¶ 4-9).  Plaintiff alleges that defendant's "willful and intentional act[s] caused the death of the deceased."  (Id.)  Plaintiff seeks damages in an amount greater than $75,000.00.  (Id. at 5). Defendant moves to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (ECF No. 24 at 1).

## II.    STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a complaint.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).  When ruling on such a motion, the court must "accept[] all well-pleaded allegations in the plaintiff's complaint as true" and "draw[] all reasonable factual inferences from those facts in the plaintiff's favor."  Id. at 244.  Nonetheless, "[t]he mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)."  Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Rather, "a

complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal citation and quotation marks omitted). A plaintiff satisfies this standard not by forecasting evidence sufficient to prove the elements of the claim, but by alleging sufficient facts to establish those elements. Walters, 684 F.3d at 439. Accordingly, "while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.   DISCUSSION

As a preliminary matter, because the court's jurisdiction over this case is based on diversity of citizenship, the court must apply Maryland law to issues of substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999) ("As a court sitting in diversity, we have an obligation to interpret the law in accordance with the Court of Appeals of Maryland, or where the law is unclear, as it appears that the Court of Appeals would rule."). The court must also apply Maryland choice of law rules. Limbach Co., LLC v. Zurich Am. Ins. Co., 396 F.3d 358, 361 (4th Cir. 2005). In tort suits, "Maryland adheres to the *lex loci delicti* rule, meaning it applies the substantive law of the state where the wrong occurred." Cleaning Auth., Inc. v. Neubert, 739 F. Supp. 2d 807, 818 (D. Md. 2010).

Defendant moves to dismiss plaintiff's Complaint pursuant to Rule 12(b)(6). (ECF No. 24 at 1). Specifically, defendant argues that it is statutorily immune from civil suit because "as the harm occurred in Pennsylvania . . . the doctrine of *lex loci delicti* mandates that [Pennsylvania's workers' compensation] law applies, which law provides that Decedent, and any dependents, are barred from pursuing recovery in tort against [defendant] as Decedent's employer." (ECF No. 24-2 at 2). Alternatively, defendant asserts that if Maryland's workers' compensation law applies,

plaintiff's Complaint still must be dismissed because the Complaint "fails to state there was deliberate intent by [defendant] to cause injury or death as is required under Maryland law to overcome Workers' Compensation exclusivity." (Id.)

### A. Applicable Workers' Compensation Law

Defendant argues that the Pennsylvania Workers' Compensation Act ("PWCA") applies to this case pursuant to Maryland's doctrine of lex loci delicti. (ECF No. 24-2 at 5-6). Plaintiff, however, contends that the Maryland Workers' Compensation Act ("MWCA") applies. (ECF No. 27 at 5-7). While Maryland adheres to the doctrine of lex loci delicti in tort suits, there is a limited exception to this rule when a personal injury claim implicates workers' compensation. Havard v. Perdue Farms, Inc., 403 F. Supp. 2d 462, 466 (D. Md. 2005). In such cases, a "greater interest" test "would apply where application of another state's workers' compensation statute would frustrate an important public policy of Maryland." Id. (citing Hauch v. Connor, 295 Md. 120, 127, 453 A.2d 1207, 1211 (1983)) ("[M]any courts recognize that workmen's compensation law conflict issues present distinct policy questions and should not be treated as tort or contract matters for choice of law purposes. We agree with this approach.").

Here, the 'greater interest' test applies because plaintiff's wrongful death and survivorship claims implicate workers' compensation.[1] Defendant contends that application of the PWCA does "not frustrate an important public policy of Maryland." (ECF No. 24-2 at 5). Specifically, defendant asserts that "the laws of both [Pennsylvania and Maryland] would preclude Plaintiff from bringing a civil action against [defendant] for a workplace injury." (Id. at 5-6). Defendant

---

[1] Workers' compensation is implicated when an employee suffers injury or death "arising out of and in the course of employment." Lagrimas v. Gossel, No. HAR 92-2262, 1993 WL 18951, at *3 (D. Md. Jan. 25, 1993) (citing Brady v. Parsons Co., 327 Md. 275, 278-79, 609 A.2d 297, 298 (1992)). Here, plaintiff alleges that decedent died in the course of his employment with defendant while cleaning crude oil from a railcar. (ECF No. 1 at 2-3 ¶¶ 1-3).

also contends that Maryland does not have a greater interest in adjudicating the rights of plaintiff, who was injured in a different state.  (Id. at 5).

Contrary to defendant's position, however, Maryland clearly has the greater interest in adjudicating this dispute.  "The most important factor weighing in favor of applying Maryland law is the public policy of Maryland . . . ."  Bishop v. Twiford, 317 Md. 170, 176, 562 A.2d 1238, 1241 (1989).  As defendant concedes, while the laws of both Maryland and Pennsylvania provide that workers' compensation is the exclusive remedy for an injured or deceased worker, Maryland law recognizes a "deliberate intent" exception to workers' compensation exclusivity whereas Pennsylvania law does not.[2]  (ECF No. 24-2 at 6-7).  This statutory difference weighs heavily in favor of applying Maryland law.  See Bishop, 317 Md. at 176 (applying Maryland law over Delaware law, when plaintiff sued a co-employee for a work-related injury, because Maryland law permitted actions against co-employees whereas Delaware law did not); see also Hauch, 295 Md. at 126, 133 (applying Maryland law over Delaware law for similar reasons).[3]

Maryland also recognizes that the "social and economic problems following in the wake of a serious injury as they may affect the dependents of the person injured are properly matters of public concern."  Hutzell v. Boyer, 252 Md. 227, 233, 249 A.2d 449, 452 (1969).  As a result, Maryland has the greatest interest in the welfare of plaintiff, who is domiciled in Maryland and, as the father of decedent and personal representative of decedent's Maryland-based estate (ECF No.

---

[2] The Supreme Court of Pennsylvania has expressly held that there is no intentional tort exception to workers' compensation exclusivity.  Barber v. Pittsburgh Corning Corp., 521 Pa. 29, 37 (1989).
[3] Defendant notes that unlike the parties in Hauch, who were both residents of Maryland, plaintiff in this case is a resident of Maryland while defendant is a resident of New Jersey.  (ECF No. 32 at 2 n.1).  The residencies of the parties, however—while factors for the court to consider—are not dispositive.  See Bishop, 317 Md. at 176 (considering the public policy of Maryland to be "the most important factor" followed by the place of injury, the primary place of employment, and the residences of the parties).

1 at 1-2 ¶¶ 2-3), seeks damages for medical expenses, expenses of estate administration, the loss of expected pecuniary contributions of decedent, the loss of decedent's care, comfort, companionship, society, consortium, guidance, and tutelage, and decedent's pain and suffering, loss of earnings, and loss of future earning capacity (id. at 4). In addition, although decedent died while working in Pennsylvania, he was domiciled in Maryland leading up to the events of the Complaint. (Id. at 1 ¶ 1).

The only factor favoring application of Pennsylvania law is that decedent's death occurred in Pennsylvania. Defendant's residence of New Jersey is a neutral factor because the question in this case is whether Maryland or Pennsylvania law applies. See Bishop, 317 Md. at 176 n.6 (holding that plaintiff's residence of Pennsylvania was a neutral factor in determining whether Maryland or Delaware law applied). In addition, while defendant was under contract to clean and remove crude oil from railcars located in Pennsylvania (ECF No. 1 at 2 ¶ 2), neither plaintiff's Complaint nor the parties' motion papers clarify whether defendant's primary place of employment is Pennsylvania, New Jersey, Maryland, or some other state. In sum, in light of Maryland's public policy of permitting a deliberate intent exception to workers' compensation exclusivity, decedent's Maryland-based estate, the Maryland residences of both plaintiff and decedent, and Maryland's interest in the welfare of plaintiff in the wake of his son's tragic death, the court concludes that the MWCA applies in this case.

### B. Application of the MWCA

Defendant argues that plaintiff's Complaint must be dismissed whether the MWCA or the PWCA is applied.[4] (ECF No. 32 at 2). Specifically with respect to application of the MWCA,

---

[4] Defendant asserts that it is statutorily immune from civil liability under Pennsylvania law and that plaintiff fails to plead any exceptions to the PWCA. (ECF No. 24-2 at 6-9). The PWCA provides that "[t]he liability of an employer under this act shall be exclusive and in place of any

which the court finds controlling in this case, defendant contends that a workers' compensation

claim is the exclusive remedy for injury in the workplace.  (ECF No. 24-2 at 9).  In addition,

defendant asserts that plaintiff fails to plead any exception to the MWCA's exclusivity provision.

(Id.)  The MWCA provides that "the liability of an employer under this title is exclusive" and "the

compensation provided under this title to a covered employee or the dependents of a covered

employee is in place of any right of action against any person."  Md. Code Ann., Lab. & Emp., §

9-509(a)-(b).  A plaintiff, however, may overcome workers' compensation exclusivity under the

MWCA if: (1) the employer fails to procure workers' compensation insurance; or (2) the "covered

employee is injured or killed as the result of the deliberate intent of the employer to injure or kill

the covered employee."  § 9-509(c)-(d).

Here, plaintiff argues in his Opposition that while he "primarily relies" on the deliberate

intent exception, the 'failure to procure insurance' exception "may also apply" because "[i]t is

possible" that defendant cannot prove that it procured workers' compensation insurance.  (ECF

No. 27 at 9).  Plaintiff, however, fails to plead any facts in his Complaint to support the 'failure to

procure insurance' exception to the MWCA's exclusivity provision.

Defendant maintains that plaintiff's allegations are insufficient to invoke the deliberate

intent exception.  (ECF No. 24-2 at 9).  Specifically, defendant argues that while plaintiff pleads

intentional acts which caused decedent's death, plaintiff fails to allege that defendant intended the

consequences of its intentional acts.  (Id. at 10-11).  Contrary to defendant's position, plaintiff

argues that intent to injure or kill can be inferred from conduct and that "it is plainly reasonable to

---

and all other liability . . . ."  77 P.S. § 481.  In addition, as defendant notes, Pennsylvania courts
have developed limited exceptions to the PWCA's exclusivity provision.  (See ECF No. 24-2 at 7-
9).  Plaintiff, however, fails to address any exceptions to the PWCA's exclusivity provision in his
Opposition let alone plead any of the exceptions in his Complaint.  The court, therefore, concludes
that plaintiff's Complaint must be dismissed even if the PWCA applies in this case.

conclude that a person or entity intended the injury or death that resulted from their intentional and

willful conduct."[5]  (ECF No. 27 at 10).  The Court of Appeals of Maryland, however, specifically

rejected plaintiff's argument in <u>Johnson v. Mountaire Farms of Delmarva, Inc.</u>, 305 Md. 246, 503

A.2d 708 (1986).  In that case, plaintiff brought a wrongful death and survivorship action against

the defendant employer after her son was electrocuted and killed while using a sump pump during

the course of his employment with defendant.  305 Md. at 248.  The court affirmed dismissal of

the complaint, holding that plaintiff failed to adequately plead that defendant had deliberate intent

to cause decedent's death.  <u>Id.</u> at 258.

> [Plaintiff] requests the Court to hold: (1) that the deliberate intention exception of
> [the MWCA] does not require the allegation or proof of the employer's actual intent
> to injure, but requires only that the employer intentionally do the act which happens
> to cause injury or death; and (2) that the deliberate intention exception includes
> wilful, wanton, or reckless conduct undertaken with a knowledge and appreciation
> of a high degree of risk to another.  We decline to so hold.
>
> We believe that our legislature purposefully selected the distinct legal concept of
> deliberate intent and intended that term to have its commonly understood meaning.
> *To bypass the exclusivity provided by a workmen's compensation statute such as
> ours, the complaint must be based upon allegations of an intentional or deliberate
> act by the employer with a desire to bring about the consequences of the act*.
>
> In this case, there are no facts alleged to show that the employer had a 'desire' to
> bring about the consequences of the acts or that the acts were premediated with the
> specific intent to injure [decedent].  Here, the employer's failure to warn of the
> dangerous electrical lines or failure to provide safe conditions, deliberately placing
> [decedent] in a dangerous position and willfully violating governmental
> regulations, does not constitute an intentional tort for purposes of overcoming the
> exclusivity provision of the Workmen's Compensation Act.

<u>Id.</u> at 254-55 (emphasis added).

---

[5] In support of his argument, plaintiff cites to <u>Western World Ins. Co. v. Harford Mut. Ins. Co.</u>,
600 F. Supp. 313, 319 (D. Md. 1984) and <u>In re T.J.J.</u>, No. 2528, 2021 Md. App. LEXIS 600, at *9
(Md. Ct. Spec. App. July 13, 2021).  (ECF No. 27 at 10).  Neither case, however, is instructive.
As defendant notes, <u>Western World</u> involved insurance liability issues and a Section 1983 claim—
not workers' compensation, the MWCA, or the deliberate intent exception.  <u>See</u> 600 F. Supp. at
314-16.  Similarly, <u>In re T.J.J.</u> is an unreported criminal case and, therefore, inapposite to the facts
of this case.

In this case, plaintiff alleges that defendant failed to act in a responsible and reasonable way by failing to (1) provide decedent with a "NIOSH-certified respirator"; (2) provide decedent with "a full face demand SCBA certified by NIOSH"; (3) provide decedent with a medical evaluation for use of the respirator; (4) follow proper safety procedures for decedent to scrape crude oil sludge from the interior of the railcars; and (5) conduct appropriate air monitoring and testing of the interior of the railcar prior to and throughout the duration of decedent's entry into the railcar.  (ECF No. 1 at 3-4 ¶¶ 4-9).  Plaintiff claims that each of defendant's "willful and intentional act[s] caused the death of the deceased." (Id.)  Nowhere in the Complaint, however, does plaintiff allege that defendant "had a desire to bring about the consequences of the acts or that the acts were premeditated with the specific intent to injure [decedent]." Johnson, 305 Md. at 255. [6]  Plaintiff, therefore, has failed to adequately plead the deliberate intent exception to the MWCA's exclusivity provision.[7]  As a result, plaintiff fails to allege sufficient facts to overcome the MWCA's preemption of plaintiff's wrongful death and survivorship claims.  Accordingly, based on the reasons noted above, dismissal of plaintiff's Complaint is warranted.

---

[6] While plaintiff alleges in his Complaint that as "a direct and proximate result of the Defendant's intentional and willful conduct resulting in the death of the decedent, the Defendant was criminally charged and plead guilty to a violation of 29 U.S.C. § 666" (ECF No. 1 at 4 ¶ 11), neither party addresses this allegation in their motion papers.  Moreover, plaintiff's allegation does not alter the court's analysis or conclusion in this case.

[7] Additionally, plaintiff contends that defendant's construction of the MWCA places Maryland's workers' compensation law at odds with other Maryland laws. (ECF No. 27 at 11).  Plaintiff cites a number of cases purportedly in support of his assertion.  (Id. at 11-13).  The cases cited by plaintiff, however, are misplaced.  For example, Gantt v. Sec., USA, 356 F.3d 547 (4th Cir. 2004) involved review of an intentional infliction of emotional distress claim on summary judgment.  Another case cited by plaintiff—Thornton v. State, 397 Md. 704, 919 A.2d 678 (2007)—is a criminal case, and Owens-Ill., Inc. v. Zenobia, 325 Md. 420, 601 A.2d 633 (1992) involved the level of proof for punitive damages in a products liability suit.  Finally, Beall v. Holloway-Johnson, 446 Md. 48, 130 A.3d 406 (2016) and the other similar cases cited by plaintiff involved tort issues unrelated to workers' compensation and the deliberate intent exception to the MWCA's exclusivity provision.

## IV.     CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss (ECF No. 24) is GRANTED.  A

separate order will be issued.


May 5, 2022                                                        /s/

Beth P. Gesner
Chief United States Magistrate Judge